FILED
SUPERIOR COURT
OF GUAM

2025 AUG 11 PM 3: 05

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JAPAN BUS LINES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> H.I.S. GUAM, INC., <br><br> Defendants. | **CIVIL CASE NO. CV0514-20** <br><br> **DECISION AND ORDER GRANTING PLAINTIFF'S THIRD MOTION IN LIMINE** |

This matter came before the Honorable John C. Terlaje on August 11, 2025 on Plaintiff's Third Motion in Limine, requesting that the Court prohibit Defendant from introducing Exhibit 54 of Defendant's Amended Exhibit list. Parties met outside the Court's presence, and subsequently expressed their arguments before the Court in advance of the Jury Selection scheduled in this case for August 11, 2025 at 9:00 a.m.. Based on the arguments from the parties and the relevant law and authorities, the Court now issues the following decision and order **GRANTING** Plaintiff's Third Motion in Limine.

Plaintiff makes three assertions as to why this exhibit should not be admitted. First, Plaintiff argues that the Exhibit would "assume the role of the Court" by instructing the jury on how to interpret the law. While the Court agrees that Defendant cannot instruct the jury as to the proper interpretation of the law, the Court does not believe that admitting the Exhibit would necessarily be an instruction on the law. As Plaintiff acknowledges, the Exhibit could be used to show what Defendant believed was the law at the time. Plaintiff's next argument was that the

Exhibit was not admissible because it is irrelevant. The Court disagrees with this argument for similar reasons as above. Defendant's state of mind and understanding of the law which may have been affected by the information in this Exhibit is certainly relevant to the facts of this case.

The Court finds Plaintiff's third argument—that the evidence should be excluded under GRE Rule 403—persuasive. Under GRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Although the Court believes the information contained in this Exhibit has probative value and is relevant, that probative value is substantially outweighed by the danger of unfair prejudice, as well as the risk of misleading the jury or causing them to confuse the issues in this case. Because the information contained in this Exhibit does not constitute law, introducing it in any context would risk misleading the jury as to the nature of the evidence. The jury should not treat the Guam Visitors Bureau's FAQ statement as an authoritative interpretation of the Governor's executive order, and the Court believes that if it is allowed to be introduced, it would not be possible to prevent the jury from considering the information in that way. Furthermore, its probative value is limited given that Defendant has other exhibits it can introduce, including the Governor's order itself.

Defendant argues that the Exhibit is admissible as an exception to the hearsay rule under GRE 803(8), which allows admission of public records. However, admissibility under the hearsay rules does not override the Rule 403 considerations. Therefore, Defendant's Rule 803 argument is inadequate.

Therefore, based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Third

Motion in Limine and **PROHIBITS** Defendant from admitting Exhibit 54 as its probative value

is substantially outweighed by the danger of unfair prejudice under GRE 403.

**SO ORDERED** _____August 11_____, 2025.

HON. JOHN C. TERLAJE
Judge, Superior Court of Guam